IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE LIONEL GONZALEZ,

    Petitioner,

v.                                                  CIV. No. 15-322 WJ/GBW
                                                            CR. No. 11-1587 WJ

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before me on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *Doc. 1*.[1] Upon review of the Motion, Petitioner's supplemental filings (*docs. 2, 8, 9*), and the United States' Response (*doc. 7*), I conclude that there is no need for an evidentiary hearing and recommend denial of the Motion.

**I.**     **BACKGROUND**

On November 27, 2010, Petitioner attempted to sell methamphetamine to an undercover agent working for the Las Cruces/Doña Ana Metro Narcotics Agency. *Cr. Doc. 1* at 2-4. An Indictment filed on June 15, 2011, in the United States District Court for the District of New Mexico, charged Petitioner with: (1) Conspiracy to Possess With

---

[1] Citations to "*Doc.*" refer to docket numbers filed in Case No. 15-CV-322-WJ/GBW. Citations to "*Cr. Doc.*" refer to the attendant criminal docket, Case No. 11-CR-1587-WJ. For filings made on both dockets, only the civil docket number is given.

Intent to Distribute 50 Grams or More of Methamphetamine; and (2) Possession With Intent to Distribute 50 Grams or More of Methamphetamine. *Cr. Doc. 38*. Pursuant to these charges, Petitioner was arrested on October 24, 2012. Petitioner's initial appearance was held on October 25, 2012, and he was ordered detained after his arraignment and detention hearing on October 30, 2015. *Cr. Doc. 100, 105*.

On February 13, 2013, Petitioner pled guilty to the two-count Indictment. *Cr. Docs. 122, 123*. On June 20, 2013, Petitioner was sentenced to 120 months imprisonment as to each count of the Indictment, terms to run concurrently, with five years of supervised release as to each count, also to run concurrently. *Cr. Doc. 131*. On July 3, 2013, Petitioner filed a Notice of Appeal. *Cr. Doc. 133*. The appeal was determined to be meritless and dismissed on June 16, 2014. *Cr. Doc. 170*, Att. 1.

On April 20, 2015, Petitioner filed the instant Petition. *Doc. 1*. In his motion, Petitioner asserts that he was afforded ineffective assistance of counsel because: (1) his attorney failed to challenge the Indictment's charge that Petitioner had possessed pure methamphetamine under § 841(b)(1)(A)(viii) when the correct charge was possession of a mixture of methamphetamine under § 841(b)(1)(B)(viii); (2) his attorney recommended that Petitioner refrain from bonding out on his state criminal charge, when doing so would have allowed Petitioner to immediately begin receiving credit towards his federal sentence; and (3) his second attorney, Brock Benjamin, was ineffective for allowing Petitioner's initial attorney, Ben Ivey, to represent Petitioner in federal

proceedings despite the fact that Ivey was not licensed to practice in the United States District Court for the District of New Mexico. *Docs. 1, 2*.

**III.    STANDARD**

In order to prevail on a motion for relief under 28 U.S.C. § 2255, a petitioner must demonstrate that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. Each of Petitioner's claims alleges ineffective assistance of counsel. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. In order to meet the Sixth Amendment's requirement of representation, an attorney for the accused must provide "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish ineffective assistance of counsel, a petitioner must show that (1) his counsel's representation was constitutionally deficient and (2) the deficient performance prejudiced the defense. *Id.* A court "may address the performance and prejudice components in any order, but need not address both if [the petitioner] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998).

**IV.    ANALYSIS**

**A.    Petitioner's Claim of Ineffective Assistance of Counsel for Failure to Object to the Indictment (Ground 1) is Without Merit.**

In Ground 1, Petitioner claims that his counsel was ineffective for failing to object to Count 2 of the Indictment, which allegedly charged him with an incorrect violation. Plaintiff's Indictment for Count 2 alleged that he "unlawfully, knowingly and intentionally possessed with intent to distribute 50 grams and more of methamphetamine" in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(a), and 18 U.S.C. § 2. *Cr. Doc. 38* at 2.  Petitioner claims that he was improperly indicted under § 841(b)(1)(A)(viii), and that he should have been indicted instead under § 841(b)(1)(B)(viii), which carries a less severe mandatory minimum sentence. *Doc. 2* at 1. Petitioner argues that the government erred in determining the amount of pure methamphetamine in the mixture possessed by Petitioner and then charging Petitioner with possession of pure methamphetamine rather than a mixture.  Petitioner alleges that his attorney should have recognized this error and objected to the Indictment of possessing pure methamphetamine as opposed to a mixture.

However, Petitioner misunderstands how the amount of methamphetamine is calculated under the statute.  As the Tenth Circuit has explained, a defendant is properly charged under § 841(b)(1)(A)(viii) if (1) he possessed "500 grams or more of a mixture or substance that contains enough methamphetamine molecules that the methamphetamine is detectable" or (2) he possessed "a substance or mixture that contains methamphetamine molecules whose total weight equals or exceeds 50 grams."

*United States v. Villegas*, 554 F.3d 894, 902 (10th Cir. 2009).  To compute the weight of the methamphetamine molecules in the mixture, a chemist should "multipl[y] the weight of the substance or mixture by the percentage (by weight) of the substance that is composed of methamphetamine molecules."  *Id*.  If that weight calculation equals or exceeds 50 grams, then the defendant is subject to punishment under § 841(b)(1)(A)(viii).  *Id.*

Here, Petitioner was found in possession of 260.58 grams of a methamphetamine mixture.  This weight falls short of the 500 gram amount required for him to be indicted for possession of a mixture under this section.  However, the forensic scientist's laboratory report, which Petitioner does not challenge, certifies that 260.58 grams of methamphetamine with an 82% purity were found in Petitioner's possession.  *Doc. 7*, Ex. 1.  Applying the computation described in *Villegas*, Petitioner possessed 213.68 grams of pure methamphetamine, which easily satisfies the requirement that he possessed "a substance or mixture that contains methamphetamine molecules whose total weight equals or exceeds 50 grams."  *Villegas*, 554 F.3d at 902.  Therefore, Petitioner was properly indicted under 21 U.S.C. § 841(b)(1)(A)(viii), and his counsel's failure to challenge this correct method of determining the amount of methamphetamine possessed by Petitioner does not constitute ineffective assistance of counsel.

### B. Petitioner's Claim of Ineffective Assistance of Counsel for Failing to Advise Petitioner to Bond Out of State Incarceration (Ground 2) is Beyond the Scope of § 2255.

In Ground 2, Petitioner argues that his counsel was ineffective in failing to advise him to bond out after his Texas state court arrest for an unrelated offense. This failure, however, does not affect the validity of his federal sentence in any way. In fact, Petitioner was not sentenced in federal court until nearly two years after his ability to post bond in state court had expired. As such, Petitioner's argument that his counsel was ineffective in failing to advise Petitioner to obtain bond in state proceedings is not an appropriate claim under § 2255, which pertains solely to federal proceedings. *See U.S. v. Underwood*, 440 F. Supp. 499, 504 (D.R.I. 1977) (concluding that § 2255 provides no relief for allegations that counsel was ineffective in obtaining bail); *Gonzalez v. U.S.*, 337 F. Supp. 2d 419, 422 (E.D.N.Y. 2004) (refusing to consider in a § 2255 motion "the merits of the claim [of] ineffective assistance of counsel in the state court."). Therefore, Petitioner's claim is beyond the scope of § 2255 and must be denied.

Petitioner also argues that his counsel was ineffective in failing to request that his state sentence, which he partially served in federal custody, run concurrently with his federal sentence. Under 18 U.S.C. 3585, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." A defendant's sentence therefore does not

commence "until he [is] received into federal custody *for the purpose of serving his federal sentence . . . .*" *Binford v. United States*, 436 F.3d 1252, 1256 (10th Cir. 2006) (emphasis added).

Here, Petitioner was taken into federal custody on October 24, 2012, and continued to serve his state sentence. Petitioner's state sentence ended on June 11, 2013, and he was not sentenced in federal court until June 20, 2013. Since Petitioner completed his state sentence before his federal sentence had even been imposed, his state and federal sentences could not possibly have run concurrently. Instead, the undersigned construes Petitioner's argument as claiming that he was entitled to credit on his federal sentence for the time served on his state sentence.

Under 18 U.S.C. § 3585(b), "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . *that has not been credited against another sentence.*" (emphasis added). Here, Petitioner's time spent in federal custody prior to his federal sentencing was credited toward his state sentence. *See Cr. Doc. 175* at 1. As a result, Petitioner's serving part of his state sentence in federal custody could not have been credited toward his federal sentence. *See Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002) (finding that the defendant is "not entitled to pre-sentence credit under § 3585(b)" where the defendant "received credit against his state sentence for all the time served prior to the date his federal sentence commenced . . . ."). Therefore, as Petitioner

had not yet been sentenced in federal court, Petitioner's attorney did not err in failing to request that the time served on the state sentence be credited to his future federal sentence.[2]

### C. Petitioner's Claim of Ineffective Assistance of Counsel for Allowing an Attorney Not Licensed in Federal Court to Represent Petitioner (Ground 3) is Without Merit.

In Ground 3, Petitioner claims that Counsel Brock Benjamin was ineffective for allowing his Co-Counsel Ben Ivey to represent Petitioner in federal proceedings. Petitioner claims that Ivey was not licensed to practice in federal court, and that he therefore was not competent to represent Petitioner in federal proceedings. *Doc. 1* at 8. Petitioner claims that Ivey represented him in federal court even though he was only licensed as a state attorney, and that Ivey hired counsel Brock Benjamin solely for the purpose of entering a licensed federal attorney on the record. *Id.*

However, an attorney may represent an individual, like Petitioner, in federal criminal proceedings where certain requirements are met. Under Rule 44.1 of the local criminal rules for the District of New Mexico, out of state counsel must (1) "associate with eligible counsel of the Federal Bar of the District of New Mexico" and (2) "become Registered Participants in the District's CM/ECF system before entering their appearance." D.N.M.LR.-Cr Rule 44.1(e).

---

[2] Petitioner is entitled to credit against his federal sentence for the nine days between the end of his state sentence and his federal sentencing. However, Petitioner does not appear to argue that he was denied such credit.

Here, Petitioner was represented by Ben Ivey, a licensed attorney and member in good standing of the State Bar of Texas. *Cr. Doc. 114.* Since Ivey was not a member of the Federal Bar of the District of New Mexico, attorney Brock Benjamin filed a motion to enter as local counsel of record for Petitioner. *Cr. Doc. 111*. On December 14, 2012, the Court granted the Motion to Substitute Attorney and ordered Brock Benjamin to be substituted as counsel of record. *Cr. Doc. 115*. On that same day, Brock Benjamin filed an Association of Attorney Licensed Outside the District on behalf of Ben Ivey, a Notice of Certification Pursuant to LR 83.3, and a Notice of Attorney Appearance. *Cr. Docs. 116, 117, 118*.

Counsel Ben Ivey did everything required of him to appear in federal court under the local rules. While Petitioner claims that "Counsel Benjamin was not the counsel that was representing Gonzales but merely a pawn of Ivey" (*doc. 2* at 9), Rule 44(1)(e) explicitly states that local counsel need not appear at court hearings unless directed by the Court. D.N.M.LR.-Cr Rule 44.1(e). Therefore, Brock Benjamin's decision to associate with Ben Ivey and allow him to represent Petitioner in federal court does not constitute ineffective assistance of counsel.

## IV. CONCLUSION

Having reviewed the matter, I conclude that Petitioner's proffered grounds either present no basis for relief or are without merit. Therefore, I recommend denial of any relief and dismissal of the Petition with prejudice.

GREGORY B. WORMUTH
United States Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**